1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BEIERMANN and TAMMY BEIERMANN, a marital community,    ) )| |
|           Plaintiff,   ) ) | No. |
|      v.   ) ) | NOTICE OF REMOVAL |
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION, a New York corporation, and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation,   ) ) ) ) ) | |
|           Defendant.   ) | |

TO:       Clerk, United States District Court for the Western District of Washington;

AND TO:    Plaintiffs Michael Beiermann and Tammy Beiermann;

AND TO:    John W. Ladenburg, Sr., Ladenburg Law PLLC, Plaintiffs' attorneys.

      Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes this action,

originally filed in the Superior Court of the State of Washington for Pierce County, to the

United States District Court for the Western District of Washington at Tacoma. Chase

removes the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

      1.     On or about October 17, 2011, Plaintiffs filed this action in the Superior Court

of the State of Washington for Pierce County under cause number 11-2-14760-1.  Chase was

served with process on October 21, 2011 in New York via UPS and was also served with

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   process at the Chase Tacoma Main Branch on October 19, 2011. Thus, as of the filing of this

2   Notice of Removal, Plaintiffs have failed to perfect service of process on Chase.

3        2.        This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being

4   filed within thirty days of Chase's receipt of the Complaint and Summons.  A copy of the

5   complete state court record is attached to the Verification of State Court Records as Exhibit

6   A, which is being filed concurrently with this Notice of Removal, as required by 28 U.S.C.

7   § 1446(a) and Local Civil Rule 101(b) for the Western District of Washington.

8        4.        This is a civil action over which this Court has original jurisdiction under 28

9   U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and

10  costs, and the suit is between a citizen of Washington and a foreign business entity.

11       5.        The amount in controversy exceeds $75,000 because Plaintiffs are seeking

12  damages for the "amount of equity [they] lost" when their former residence at 5225 South

13  Warner Street in Tacoma, Washington (the "Property") was sold at a trustee's sale. *See*

14  Compl. ¶ 3.7. The amount owing on their loan was initially $67,500. *See* Decl. of Matthew

15  Sullivan, Ex. A (Deed of Trust). The amount owing on their loan at the time of the November

16  20, 2009, trustee's sale was $84,321.69. *Id.* ¶ 3 & Ex. B (Trustee's Deed). The sale price at

17  the trustee's sale was $103,000. On information and belief, surplus proceeds in an amount of

18  $15,711.33 are currently being held by the Court, pending resolution of competing claims to

19  those funds. *Id.* ¶ 6, Exs. D & E.

20       According to the Pierce County Assessor, the tax value of the Property in 2009 was

21  $182,200. *Id.* ¶ 4 & Ex. B. The Property was worth $181,600 in 2009 and $164,700 in 2010.

22  *Id.* ¶ 4 & Ex. B. Given that the sale occurred in 2009, the amount in controversy is at least

23  $78,600, even when accounting for the surplus funds from the trustee's sale. And this amount

24  does not include Plaintiffs' claims for "emotional distress, public embarrassment, and loss of

25  credit rating," or their request for treble damages.

26       6.        Complete diversity exists because Plaintiffs are Washington residents and

27  Chase is a national banking association, organized under the laws of the United States, with

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

its main office in Ohio. For purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1348, a national banking association is a citizen of the state in which its main office, as identified in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (rejecting argument that national banking association is a citizen of every state in which it operates). Although Quality Loan Service Corporation of Washington ("Quality Loan") is also a Washington corporate entity, it is a nominal defendant that the Court should ignore for purposes of diversity. If a trustee "has no interest in the outcome of [the] litigation," the trustee "is a nominal defendant," and "its citizenship is not considered for the purpose of establishing diversity jurisdiction." *Prasad v. Wells Fargo Bank, N.A.*, 2011 WL 4074300, *3 (W.D. Wash. Sept. 13, 2011). Indeed, a trustee is "[t]he paradigmatic nominal defendant," particularly where the trustee is joined "merely because [it] occupies the position pursuant to a deed of trust." *See id.* at *2 (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *Anderson*, 2011 WL 2470509, at *4–*5). For example, in *Prasad*, this Court found that plaintiff sought no relief against the nominal trustee, because he alleged only that the trustee "act[ed] as an impostor" and lacked the power to foreclose. *Id.* at *4. Similarly, Plaintiffs' Complaint alleges "Defendant Quality [Loan] is not authorized to act as trustee," and "actions taken by Defendant Quality [Loan] are null and void." Compl. ¶ 3.6.

Moreover, although the Complaint purports to seek relief from "Defendants Chase and Quality [Loan]" for refusing to reinstate Plaintiffs' loan, Chase is the only entity with the ability to reinstate Plaintiffs' loan. Quality Loan, as trustee, does not have any authority to determine whether or when Plaintiffs may bring their loan current (i.e. reinstate their loan). Thus, Plaintiffs' claims actually lie against only Chase.

7.     This action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action brought in a state court of which the district courts of the United States have original jurisdiction, pursuant to 28 U.S.C. § 1332.

8.     Removal is proper to the Western District of Washington at Tacoma because the district and division embrace Pierce County, Washington.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1      9.     Quality Loan, through its attorney of record, consents to removal.

2      10.    Attached as Exhibit A to this notice is all process, pleadings, papers and orders

3   served in this action. 28 U.S.C. § 1446(a).

4      11.    Chase will promptly file a copy of this Notice of Removal with the Clerk of the

5   Superior Court of the State of Washington for Pierce County.

6          WHEREFORE, Chase respectfully gives notice that the above-entitled action is

7   removed from the Pierce County Superior Court to the United States District Court for the

8   Western District of Washington at Tacoma.

9

10         DATED this 18th day of November, 2011.

11                                              Davis Wright Tremaine LLP
                                                Attorneys for Defendant Chase
12
                                                By  /s/ Matthew Sullivan
13                                                  Fred B. Burnside, WSBA #32491
                                                    Matthew Sullivan, WSBA #40873
14                                                  Suite 2200
                                                    1201 Third Avenue
15                                                  Seattle, Washington  98101-3045
                                                    Telephone: (206) 757-8257
16                                                  Fax: (206) 757-7257
                                                    E-mail: fredburnside@dwt.com
17                                                  E-mail: matthewsullivan@dwt.com

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

    I declare under penalty of perjury that on this day I caused a copy of the foregoing Notice of Removal to be served upon the following:

| John W. Ladenburg, Sr. | (X) | U.S. Mail |
|---|---|---|
| Ladenburg Law, PLLC | ( ) | By Federal Express |
| 1019 Pacific Avenue, Ste. 1116 | ( ) | By Facsimile |
| Tacoma, Washington 98402 | ( ) | By Messenger |

Dated at Seattle, Washington, this 18th day of November, 2010.

*Anita Griffin*

Anita Griffin

NOTICE OF REMOVAL — 5
DWT 18564341v1 0036234-000140

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A

2011-10-19 11:47 *Assign / E Corra   Received @ >> 0485112926764200   P 2/9*
*retail/mortgage   Tacoma Main Branch*
*email: Docket Manager @ 11:38 am on 10/19/11*
*by Arvin Kuman*

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 17 2011 3:43 PM

KEVIN STOCK
COUNTY CLERK
NO: 11-2-14760-1

1

2

3

4

5

6         IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
7               IN AND FOR PIERCE COUNTY

8   MICHAEL BEIERMANN AND TAMMY
    BEIERMANN, a marital community              No.
9
                      Plaintiffs,                SUMMONS
10
11      v.

12  JP MORGAN CHASE BANK NATIONAL           **Legal Papers Served**
    ASSOCIATION, a New York corporation, and      **(New York)**
13  QUALITY LOAN SERVICE CORPORATION OF                    B. Russell
    WASHINGTON, a Washington Corporation,          Date: 10/21/11
14
                                                XUPS    OCT 21 2011
15                    Defendants.
                                                ☐ Inter-office Mail
16                                              ☐ Federal Express    ☐ Certified Mail
                                                ☐ Fax  ☐ U.S. Mail   ☐ Hand Delivery
                                                Reviewed by: 1N-4054  ☐ Email
17
18  TO:    JP MORGAN CHASE BANK NATIONAL ASSOCIATION

19         A lawsuit has been started against you in the above-entitled court by Plaintiff.

20  Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with

21  this Summons. In order to defend against this lawsuit, you must respond to the Complaint by

22  stating your defense in writing, and serve a copy upon the undersigned attorney for the

23  Plaintiff within twenty (20) days after the service of this Summons, excluding the day of

24  service, or within sixty (60) days if this Summons was served outside the State of

25  Washington, or a default judgment may be entered against you without notice. A default

26  judgment is one where Plaintiff is entitled to what s/he asks for because you have not

27

SUMMONS – Page 1                LADENBURG          1018 Pacific Ave. Suite 1116
                                LAW, PLLC          Tacoma, Washington 98402
                                                   Phone: (253) 272-5226
                                Attorneys At law   Facsimile: (253) 285-2326


COPY

responded. If you serve a Notice of Appearance on the undersigned attorney you are entitled

to notice before a default judgment may be entered.

    You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

demand must be in writing and must be served upon the Plaintiff.  Within fourteen (14) days

after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service

on you of this Summons and Complaint will be void.

    If you wish to seek the advice of an attorney in this matter, you should do so promptly

so that your written response, if any, may be served on time.

    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

State of Washington.

    **DATED** this 17th day of October, 2011.

                        LADENBURG LAW, PLLC


                         /s John W. Ladenburg, Sr.
                        JOHN W. LADENBURG, SR., WSBA #5075
                        Attorneys for Plaintiffs


SUMMONS – Page 2

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1115
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2328

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 17 2011 3:43 PM

KEVIN STOCK
COUNTY CLERK
NO: 11-2-14760-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

MICHAEL BEIERMANN AND TAMMY
BEIERMANN, a marital community                    No.

                         Plaintiffs,              COMPLAINT FOR WRONGFULL
                                                  FORFEITURE
          v.

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, a New York corporation, and
QUALITY LOAN SERVICE CORPORATION OF
WASHINGTON, a Washington Corporation,

                         Defendants.

          COME NOW the Plaintiffs, by and through their attorney of record, JOHN W.
LADENBURG, Sr. of LADENBURG LAW, PLLC herein and for a cause of action against
the Defendants, alleges as follows:

                    I. PARTIES, JURISDICTION AND VENUE

          1.1   Plaintiffs Michael and Tammy Beiermann (Beiermann) are a married couple
residing in Pierce County and had an interest in real property located in the state of
Washington.

          1.2   Plaintiffs have legal standing to commence this action in Pierce County
Superior Court. Plaintiffs entered into the contract giving rise to this action in Pierce County
and the deed of trust which secures performance of the contract encumbered real property
located in Pierce County, Washington.

COMPLAINT FOR                    LADENBURG            1019 Pacific Ave. Suite 1116
WRONGFULL FORFEITURE – Page 1    LAW, PLLC            Tacoma, Washington 98402
                                                      Phone: (253) 272-5226
                                 Attorneys At Law     Facsimile: (253) 295-2326



1.3    Upon information and belief, Defendant JP MORGAN CHASE NATIONAL ASSOCIATION Inc. (hereinafter "Chase") is a corporation organized in the state of New York, conducts business in Pierce County, Washington, and, at all times relevant hereto, is the successor-in-interest Washington Mutual Bank, FA.

1.4    Upon information and belief, Defendant Quality Loan Service Corporation, (hereinafter "Quality") is a corporation organized in the state of Washington, conducts business in Pierce County, Washington, and, at all times relevant hereto, is claiming to be the trustee to the deed of trust securing Plaintiffs' loan obligation to Plaintiffs' primary residence.

1.5    Pierce County Superior Court has jurisdiction and is the proper venue for adjudication of this matter.

## II. FACTS

2.1    Plaintiffs hereby incorporate by reference the above paragraphs.

2.2    At all times relevant hereto, Plaintiffs made their primary residence at 5225 South Warner Street, Tacoma, Pierce County, Washington.

2.3    On or about September 20, 1996 Plaintiffs signed a Deed of Trust and loan with Fleet Mortgage Corporation of South Carolina as lender.  Washington Mutual Bank thereafter merged with Fleet Mortgage. First American Title Company was listed as Trustee on the Deed of Trust.

2.4    On October 1, 2001, the Deed of Trust as assigned and transferred to Federal National Mortgage Association (Fannie Mae) of Milwaukee, Wisconsin.

2.5    On September 25, 2008, Defendant Chase claimed to have acquired the loan from the FDIC under the receivership that commenced against Washington Mutual, although Washington Mutual had assigned the Deed to Fannie Mae in 2001 and no re-assignment has been recorded.

2.6    Defendant Chase claims to have appointed Defendant Quality as Successor Trustee. The deed of trust allows the appointment of a successor trustee in cases where the named trustee "ceases to act".  Defendant Chase has made no showing or claim that First American Title Company "ceased to act" as trustee or that First American Title Company is not capable and willing to continue as trustee.

COMPLAINT FOR
WRONGFULL FORFEITURE – Page 2

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 265-2326

2.7   In a notice dated August 6, 2008, Defendant Quality notified the Plaintiffs that they were in default on their loan and on August 7, 2008 Quality sent notice to Plaintiff that their property was being foreclosed upon.

2.8   In a notice mailed on August 18, 2009, Quality notified the Plaintiffs that their home would be sold at auction on November 20, 2009.  That notice contains language informing the Plaintiffs that they must provide payoff for the accelerated loan eleven (11) days before the scheduled sale.  That notice was posted on their home on August 19, 2009.

2.9   Also in that notice was this warning, all in capital letters, "AFTER 11/9/2009, YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS OUTLINED ABOVE".

2.10   Page 5 of the Deed of Trust contains a paragraph (18) that Plaintiffs are entitled to "have enforcement of this Security Instrument discontinued an any time prior to the earlier of (a) 5 days (or other such period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument."

2.11   The Deed of Trust form used in this action was that of the Defendant Bank and the Plaintiffs were not allowed to negotiate its terms or language.

2.12   The Notice of Default given by Quality listed an amount due of back payments of $2387.60, late charges of $119.40, and fees of $890.00. It listed the amount to reinstate as $3027.78.

2.13   Defendant bank failed to account for a payment of $1500.00 that was made by the Plaintiffs on May 15, 2008, making the amount due less than claimed and in accurate

2.14   On August 18, 2008 Plaintiffs tendered to Defendants two checks for $3028.00, more than the amount claimed by Defendants, but Defendant bank refused to accept Plaintiffs efforts to pay all the past due amounts and reinstate the loans under the terms of the deed of trust.

### III. CAUSES OF ACTION

3.1   Plaintiffs re-allege and incorporate by reference the above paragraphs.

**A. Misrepresentations**

3.2   In the course of conducting its business Defendants made numerous

COMPLAINT FOR
WRONGFULL FORFEITURE – Page 3

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

misrepresentations and failed to disclose material terms as alleged. Such conduct constitutes unfair or deceptive acts or practices in trade or commerce, and/or unfair methods of competition in violation of RCW 19.86.020, is contrary to the public interest, and is not reasonable in relation to the development and preservation of business.

**B. Unfair Practices**

3.3   In the course of conducting its business Defendants engaged in numerous unfair acts and practices as alleged in paragraphs 1.1 through 3.8. Such conduct constitutes unfair practices and violates RCW 19.86.020, is contrary to the public interest, and is not reasonable in relation to the development and preservation of business.

3.4   Defendants Chase and Quality failed to comply with the terms of the deed of trust. The defendants did not comply with the Deed of Trust's terms for reinstatement by claiming that Plaintiffs could only reinstate up to eleven (11) days before the sale, when in fact Plaintiffs should have been given reinstatement up to five (5) days before the sale. This prevented Plaintiffs from re-instatement.

3.5   The Notices given by Defendants were inaccurate as to the amount of debt or the terms of reinstatement and are legally insufficient to allow foreclosure.

3.6   In a non-Judicial foreclosure any defect in notice, amounts or dates are fatal to the legal requirements of the law and the foreclosure improper.

3.5   Defendants actions violate the Washington Consumer Protection Act and entitle Plaintiffs to treble damages and attorney's fees.

3.6   Defendant Quality is not authorized to act as trustee. The Deed of Trust designates First American Title Company as the trustee. First American Title Company is still in business and has not refused to act as trustee. Defendant Chase has provided no evidence that First American Title Company has "ceased to act" as required by the Deed of Trust. Any actions taken by Defendant Quality are null and void.

3.7   Defendants wrongfully sold Plaintiff's house at Auction, causing loss of the Plaintiff's equity in the home. Plaintiffs are entitled to the amount of equity lost, and pre-judgment interest from the date of the Notice of Default in August 2008.

COMPLAINT FOR
WRONGFULL FORFEITURE – Page 4

LADENBURG
LAW, PLLC
Attorneys At Law

1019 Pacific Ave, Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

3.8     Defendants actions have caused great emotional stress and apprehension to Plaintiffs and have caused them to expend sums for attorney's fees and costs of litigation. Defendants improper foreclosure has damaged Plaintiffs reputation and credit rating, causing them financial loss and public embarrassment.   Plaintiffs are entitled to damages, attorney's fees and costs from Defendants breach of contract.

## IV. RESERVATION OF RIGHTS

4.1     Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having asserted claims for relief, now pray for judgment as follows:

5.1     For damages in the amount of the lost equity in the home, including pre-judgment interest to the date of the first defective Notice given by Defendants.

5.2     Legal costs and attorney fees as allowed by law and the contract of the parties.

5.3     An award of damages to Plaintiffs for their emotional distress, public embarrassment, and loss of credit rating caused by actions of Defendants.

5.4     Treble damages and attorney's fees as allowed by law.

5.5     For such other and further relief as the Court deems just and equitable in the premises.

**DATED** this 17th day of October, 2011.

LADENBURG LAW, PLLC


_/s  John W. Ladenburg, Sr._____
JOHN W. LADENBURG, SR., WSBA #5075
Attorneys for Plaintiffs

COMPLAINT FOR
WRONGFULL FORFEITURE – Page 5

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave, Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5225
Facsimile: (253) 295-2326

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

October 17 2011 3:43 PM

KEVIN STOCK
COUNTY CLERK
NO: 11-2-14760-1

| | |
|---|---|
| MICHAEL BEIERMANN | No. 11-2-14760-1 |
| Plaintiff(s) | ORDER SETTING CASE SCHEDULE |
| | Type of case:                              PIN |
| Vs. | Estimated Trial (days): |
| | Track Assignment:                    Standard |
| JP MORGAN CHASE BANK NATIONAL | Assignment Department:           18 |
| ASSOCIATION | Docket Code:                             **ORSCS** |
| Defendant(s) | |

| | |
|---|---|
| Confirmation of Service | 11/14/2011 |
| Confirmation of Joinder of Parties, Claims and Defenses | 2/13/2012 |
| Jury Demand | 2/20/2012 |
| Status Conference (Contact Court for Specific Date) | Week of 3/12/2012 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 4/9/2012 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 5/7/2012 |
| Disclosure of Rebuttal Witnesses | 6/25/2012 |
| Deadline for Filing Motion to Adjust Trial Date | 7/23/2012 |
| Discovery Cutoff | 8/27/2012 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/10/2012 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution (PCLR 16 (c)(3)) | 9/17/2012 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/17/2012 |
| Joint Statement of Evidence | 9/17/2012 |
| Pretrial Conference (Contact Court for Specific Date) | Week of 10/1/2012 |
| Trial | 10/15/2012 9:00 |

## <u>Unless otherwise instructed, ALL Attorneys/Parties shall report to the trial court at 9:00 AM on the date of trial.</u>

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: October 17, 2011

Judge BEVERLY G. GRANT
Department 18

2011-10-19 11:47                                  >> 048511292676420Ｏ   P 1/9

## Legal Papers Fax Cover Sheet

| REQUIRED INFORMATION - PLEASE PRINT | | |
|---|---|---|
| **Branch Name** | **Cost Center** | **Mail Code** |
| Tacoma Main Chase | 740501 | wa1-2254 |
| **Employee Contact Name** | **Date Accepted** | **Phone Number** |
| Arvin Kumar | 10/19/2011 | (253) 305-5440 |
| **Accepting Employee (if different from above)** | **Time Accepted** | **Fax Number** |
| | 11:38 a.m. | (253) 305-5437 |
| **Location Where Received (if different from above)** | | **Number of pages (including cover sheet)** |
| | | 9 |

| **Customer Name** |
|---|
| Michael Beiermann and Tammy Beiermann |

**To:** (Check One)

| ☐ **Court Orders & Levies**<br>Columbus, OH | ☒ **National Subpoena Processing**<br>Indianapolis, IN |
|---|---|
| **Fax #: 866-699-0618** | **Fax #: 317-757-7421** |
| **All States** | **All States** |
| **Document Type** (Check one): | **Document Type** (Check one): |
| ☐ Bankruptcy Freeze Request | ☐ Grand Jury Subpoena |
| ☐ Bankruptcy Release Request (for a hold/restraint) | ☐ Search Warrant (non-Safe Deposit) |
| ☐ Citation to Discover Assets (iL) | ☐ Subpoena (All Other) |
| ☐ Garnishment Documents | ☒ Summons/Complaints |
| ☐ Guardianship Matter | ☐ Other (List) |
| ☐ Information Subpoenas/Interrogatories (CT/NJ/NY) | |
| ☐ Levy | |
| ☐ Liens | |
| ☐ Receivership Orders | |
| ☐ Restraining Notice | |
| ☐ Seizure Warrant/ Seizure Notice (Deposit Accounts only) | |
| ☐ Temporary Restraining Order | |
| ☐ Other (List) | |

*NOTE:* For forwarding information regarding Foreclosures/Sheriff's Sales and Bankruptcy notices [other than a Bankruptcy Freeze Request or Bankruptcy Release Request], refer to your Online Policies and Procedures.

**Method of Receipt**

**X** Hand-delivered ____ Certified Mail ____ Regular Mail •

____ Other (describe): _____

**Instructions**

Upon receipt of document(s) sign, date and record time and branch location in upper right corner of the first page.

FAX all pages of document(s) immediately to the appropriate area. Print fax confirmation for your records.

Mail document(s) the same day to that area:

Court Orders & Levies   OH1-1283          National Subpoena Processing   IN1-4054

*IMPORTANT NOTICE*

The information contained in this transmission is confidential. If you are not the intended recipient, you are strictly prohibited from considering, disseminating or duplicating this communication, and you must immediately return this transmission to us and notify us by telephone. THANK YOU.

N13314 (04/2010)