The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BEIERMANN AND TAMMY BEIERMANN, a marital community,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION,  a New York corporation, and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,  a Washington Corporation,<br><br>    Defendants. | No.  3:11-cv-05952 RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. #12] |

This matter is before the Court on Plaintiffs' Motion to Remand [Dkt. #12].  Defendant JP Morgan Chase Bank National Association asserts that there is complete diversity because even though Defendant Quality Loan Services is a citizen of Washington State, Quality is a nominal defendant whose citizenship is ignored for the purposes of diversity.  Def. Chase Resp. to Pls.' Mot. to Remand [Dkt. #13].  The Plaintiffs move for remand, arguing that Quality is not a nominal defendant, that its citizenship should be considered, and that doing so defeats complete diversity.

For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand.

# I.   BACKGROUND

In September 1996, Plaintiffs obtained a loan from Fleet Mortgage Corporation.  The loan was secured by a Deed of Trust on real property.  Fleet subsequently merged with and into Washington Mutual Bank, which acquired Plaintiffs' loan and became the beneficiary of the Deed of Trust.

In May 2008, Plaintiffs defaulted on their loan.  Consequently, on August 6, 2008, WaMu, through its agent Quality Loan Service Corporation, provided Plaintiffs with the required Notice of Default.  On August 15, 2008, Quality was appointed successor Trustee.  In August 2009, Quality mailed Plaintiffs a Notice of Trustee's Sale, and the property was ultimately sold in November 2009.

On October 17, 2011, Plaintiffs filed this action in Pierce County Superior Court. Plaintiffs assert several claims against both Defendant Chase[1] and Defendant Quality.  Those claims include misrepresentations of fact, misrepresentation of contractual rights, duties, and obligations, and misrepresentation of authority.

In November 2011, Chase filed a Notice of Removal to this Court, claiming diversity of citizenship jurisdiction. Plaintiffs move to remand, arguing that removal was improper because there is not complete diversity among all parties.  Plaintiffs argue that Quality, a Washington State citizen, is not a nominal defendant because Plaintiffs have asserted substantive allegations and claims for money damages against Quality.  Chase argues that removal was proper because complete diversity exists among the parties as a result of Quality's nominal status.

---

[1] In September 2008, WaMu failed, and Defendant Chase acquired its assets from the FDIC.  Included in those assets was WaMu's interest in Plaintiffs' loan and Deed of Trust.

## II.    AUTHORITY

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction.  28 U.S.C. § 1441(a).  The Court may remand a case to state court, on motion by either party and at any time before final judgment, when the Court finds it lacks subject matter jurisdiction over the claims asserted.  28 U.S.C. § 1447(c).  Subject matter jurisdiction is established: (1) when there is diversity of citizenship under 28 U.S.C. § 1332; or (2) where a claim arises under federal law.  28 U.S.C. § 1441(c).

Removal based on diversity of citizenship requires establishing the parties' diverse citizenship, and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(c).  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity.  *Teledyne v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1990).  There is complete diversity where each plaintiff is diverse from each defendant.  *Id.*

The removing party bears the burden to prove that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removal statute is strictly construed against removal jurisdiction.  *Id.*  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper.  *Id.*  The defendant is obligated to do so by a preponderance of the evidence.  *Id.* at 567.  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id.* at 566.

## III.    DISCUSSION

### A.  Motion to Remand

If Quality is a nominal party, its Washington State citizenship is ignored for the purposes of diversity.  Plaintiffs argue that Quality, as trustee under the Deed of Trust, is not a nominal defendant because Plaintiffs have made substantive allegations and claims for damages against

Quality.  Chase argues that even though Quality is a Washington State citizen, Quality is merely a nominal defendant that was fraudulently joined because (1) Quality has no stake in the outcome of the litigation; (2) Quality is the foreclosure trustee; and (3) there are no substantive allegations against Quality.

A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is not dispute.'"  *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).  The Court should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant."  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).  A typical nominal defendant is a trustee, agent, or depositary who is joined merely as a means of facilitating collection.  *Colello*, 139 F.3d at 676 (quoting *Cherif*, 933 F.2d at 414).  The removing party has the burden of proving that a defendant is a nominal defendant.  *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, at *3 (C.D.Cal. June 16, 2011).

A trustee under a deed of trust is often a nominal party.  *Id*. at 5.  However, a party's status as a trustee does not dispositively render it a nominal party.  *Id*.  A trustee has been found to be a real party when a plaintiff's complaint asserts claims against a trustee, including money for damages to their credit rating and home value, emotional damages and physical distress, and allegations that the trustee made false statements in a defective Notice of Default and was not the trustee authorized to initiate non-judicial foreclosure proceedings.  *Id*.  A trustee has also not been considered a nominal party when the complaint makes substantive allegations and asserts claims for money damages.  *Couture v. Wells Fargo Bank NA*, 2011 WL 3489955, at *3 (S.D.Cal. Aug. 9, 2011).  On the other hand, if a plaintiff has not made substantive allegations

against the trustee, the trustee under the deed of trust is neutral, and has no interest in the outcome. *Prasad v. Wells Fargo Bank NA*, 2011 WL 4074300, *3 (W.D. Wash. Sept. 13, 2011).

In this case, Quality's status as a trustee is not sufficient to render it a nominal party. The Plaintiff has made substantive allegations against Quality and has asserted claims for damages against Quality. Plaintiffs have not avoided removal by lumping multiple parties together, and making blanket allegations against the Defendants to defeat nominal status. Rather, Plaintiffs have made specific factual allegations against Quality that give rise to Quality's potential liability. For example, Plaintiffs make specific allegations that Quality misrepresented the reinstatement amount in the Notice of Default, and misrepresented the amount of days Plaintiffs had to cure before the sale. Although Chase claims that Quality was acting as its agent when Quality delivered the Notice of Default and thus, the claims are against Chase and not Quality, an agent may be directly and severally liable for all damages suffered by a plaintiff who has been injured as a result of its actions. *Finney v. Farmers Ins. Co.*, 92 Wn.2d 748, 754 (1979).

In addition, Chase has not demonstrated that Quality was fraudulently joined. Joinder of a non-diverse defendant is fraudulent, and the defendant's presence in the lawsuit is ignored for the purposes of determining diversity when: (1) the plaintiff fails to state a cause of action against a resident defendant; and (2) the failure is obvious according to the settled rules of the state. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). As stated above, Plaintiffs have made specific factual allegations against Quality and thus, they have not failed to state a cause of action against a resident defendant.

Accordingly, Quality is not a nominal defendant. As such, its citizenship is considered for the purpose of establishing diversity jurisdiction. Because Plaintiffs and Quality are citizens

of Washington State, there is not complete diversity.  Therefore, Plaintiffs' Motion to Remand is granted.

**B.  Attorney Fees**

Plaintiffs also seek attorneys' fees and costs incurred in filing this motion.  Plaintiffs claim that Chase lacked any objectively reasonable basis for removing this action because Chase knew that Quality was a Washington State citizen, and the Complaint makes specific allegations against Quality.  Chase argues that the Court should not award attorneys fees because there is a reasonable basis in both law and fact that Quality is a nominal defendant.

An order of remand may require the payment of attorney fees as a result of the removal.  28 U.S.C. § 1447(c).  The Court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  If an objectively reasonable basis exists, the Court will deny the request for fees.  *Id.*

Chase did not lack an objectively reasonable basis for seeking removal.  Although the Court disagrees with Chase's arguments that Quality's citizenship should be disregarded, their arguments are not objectively unreasonable.  Often trustees are treated as nominal defendants, and Chase was not objectively unreasonable in seeking to rely on case law that treated trustees as such.  The request for fees is therefore denied.

### IV.   CONCLUSION

Quality Loan is not a nominal defendant and was not fraudulently joined to defeat diversity.  Therefore, the Court lacks subject matter jurisdiction, and Plaintiffs' Motion to Remand to the Pierce County Superior Court [Dkt. #12] is GRANTED.   In addition, Plaintiffs' request for attorney fees is DENIED.  The Clerk is directed to forward a copy of this Order to all

counsel of record.  The Clerk is further directed to send certified copies of this order to the Clerk

of the Court for Pierce County Superior Court.

IT IS SO ORDERED.

DATED this 19th day of April, 2012.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE